COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALEXANDER CARROLL ISHMAEL, | § | No. 08-10-00023-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 359th District Court |
| THE STATE OF TEXAS, | § | of Montgomery County, Texas |
| Appellee. | § | (TC# 07-01-00216-CR) |
| | § | |

## O P I N I O N

In his sole point of error, Appellant, Alexander Carroll Ishmael, argues for the first time that his two 25-year sentences for sexual assault of a child exceed the statutory maximum and are therefore illegal.[1] We disagree and will affirm the judgment of the trial court.

## BACKGROUND

On January 9, 2007, a Montgomery County grand jury returned an indictment charging Ishmael with two counts of sexual assault of a child.[2] *See* TEX. PENAL CODE ANN. § 22.011(a) (West 2011). The indictment also charged, for the purpose of punishment enhancement, that on April 13, 1993, Ishmael had been convicted of felony theft in Dallas County cause number F9245953TH.[3]

---

[1] "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). An illegal sentence may be raised for the first time on appeal. *Id*. at n.6.

[2] The record reflects that the Texas Supreme Court transferred this case from the Ninth Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[3] Sexual assault of a child is a second-degree felony, with a punishment range of two to twenty years in prison plus a fine of up to $10,000. TEX. PENAL CODE ANN. §§ 12.33 & 22.011(f) (West 2011). Proof of a prior felony conviction, however, enhances the punishment range of a second-degree felony to that of a first-degree felony. TEX. PENAL CODE ANN. § 12.42(b) (West 2011). A first-degree felony has a punishment range of five to 99 years in prison or life in prison plus a fine of up to $10,000. TEX. PENAL CODE ANN. § 12.32. (West 2011).

The State has the burden of proving the prior felony conviction alleged for punishment enhancement, and

On April 7, 2008, Ishmael pled guilty, pursuant to a plea bargain, to each count in the indictment. At the plea hearing, Ishmael stipulated in writing that he had "committed each and every element alleged on the date alleged in the Indictment."[4] At the conclusion of the plea hearing, the trial court, in accordance with the terms of the plea bargain, deferred a finding of Ishmael's guilt under each count and placed him on community supervision for a period of ten years.

On April 15, 2009, the State filed a motion to adjudicate Ishmael's guilt under each count in the indictment. On July 7, 2009, the State filed an amended motion to adjudicate Ishmael's guilt under each count. In its amended motion, the State alleged that Ishmael had violated several of the conditions of his community supervision.

On October 20, 2009, the trial court held an evidentiary hearing on the State's amended motion to adjudicate. Three witnesses, including Ishmael, testified at the hearing. During the State's cross-examination of Ishmael, the following occurred:

Q: And . . . I'm showing you State's [Exhibit] 5, you were also convicted for theft, is that correct, out of Dallas County?[5]

A: Yes, I was.

Q: That was in 1993?

A: Yes, I was. I did six months in the county jail for that.

. . .

Q: Are you [the] same Alexander Ishmael that was convicted . . . out of the Criminal District Court of Dallas County [on] April 13, 1993? Is that you?

---

the required standard of proof is beyond a reasonable doubt. *Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984).

[4] The stipulation was contained in each of two sworn documents, one for each count in the indictment. Each sworn document was entitled "Admonishments, Statements and Waivers" and was tendered to the trial court.

[5] The record reflects that State's Exhibit 5 contained a copy of the judgment in Dallas County cause number F9245953TH, from the Criminal District Court, showing that Ishmael had been convicted of felony theft.

A: Yes, ma'am.

The State: State reoffers State's Exhibit 5.

Trial Court: Okay. Anything further, [defense counsel]?

Defense Counsel: No objection.

At the conclusion of the hearing on the State's amended motion to adjudicate, the trial court: (1) found that Ishmael had violated the conditions of his community supervision, (2) revoked that community supervision, (3) found that Ishmael was guilty of each count of sexual assault of a child as charged in the indictment, (4) found the indictment's enhancement paragraph to be true beyond a reasonable doubt, (5) assessed Ishmael's punishment at imprisonment for 25 years for each count, and (6) ordered that he serve those sentences consecutively. Ishmael did not object to the 25-year punishments assessed.

On appeal to this Court, Ishmael brings a single point of error, in which he argues for the first time:

> The trial court erred in pronouncing a twenty-five year sentence [for each count in the indictment] when the statutory maximum, according to the original plea[s] of guilt [for two counts of sexual assault of a child], was twenty years. The trial court exceeded its authority by imposing a term of confinement greater than the statutory maximum as set out in the original order [deferring a finding of guilt and placing Ishmael on community supervision]. . . .
>
> Accordingly, the trial court's judgment finding [Ishmael] guilty of two first degree felonies and assessing a sentence of imprisonment for twenty five years [for] each count is void. The trial court did not have evidence of the enhancement paragraphs at the original plea. Accordingly, the twenty-five year sentences [for] each count exceeded the statutory maximum punishment allowed for the offenses pled [in the indictment]. (Citations omitted.)

The State responds with two alternative arguments. The State argues first that "[t]he trial court's two 25-year sentences [did] not exceed the statutory maximum" because "[w]ithin

[Ishmael's] statements and waivers [tendered to the trial court at the original plea hearing], he judicially confessed to both counts of sexual assault of a child *and* to the enhancement paragraph as set forth in the Indictment." (Emphasis added.) The State argues here that when Ishmael, at the original plea hearing, stipulated in writing that he had "committed each and every element alleged on the date alleged in the Indictment," that stipulation amounted to a judicial confession "sufficient to support the trial court's finding of true as to the enhancement paragraph."

The State argues second that once the trial court adjudicated Ishmael guilty of the two counts of sexual assault of a child, the court was free to proceed to punishment and that at that time "the State introduced a judgment reflecting that [Ishmael] was convicted of the felony offense alleged in the [enhancement paragraph], and [Ishmael] admitted that he was the defendant convicted in that judgment."

## DISCUSSION

Ishmael's argument reflects a misunderstanding of the relevant law. As the State points out, after an adjudication of guilt in a deferred-adjudication case, all proceedings, including the assessment of punishment, continue as if the adjudication of guilt had not been deferred. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2010). Therefore, once the trial court in this case adjudicated Ishmael guilty of the two second-degree felonies alleged in the indictment, the trial court was authorized to proceed to the assessment of punishment, and could consider and act upon evidence pertaining to the indictment's enhancement paragraph. The record reflects that the trial court had such evidence before it – State's Exhibit 5 and Ishmael's admissions regarding it – and that that evidence was sufficient to support the trial court's finding that the enhancement paragraph was true beyond a reasonable doubt. Thus, Ishmael's two 25-year sentences did not exceed the statutory maximum.

Given the analysis above, we need not address the State's alternative argument that at the original plea hearing, Ishmael judicially confessed to the counts in the indictment *and* to the enhancement paragraph.

**CONCLUSION**

We overrule Ishmael's sole point of error and affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

July 29, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)